IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-01667-WJM-MJW

ANIFEH GHIASY,

Plaintiff(s),

v.

THE KROGER CO., an Ohio corporation,

Defendant(s).

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Defendant's Motion to Compel Rule 35 Examination Without the Presence of a Recording Device (docket no. 43) is GRANTED for the following reasons.

It is FURTHER ORDERED that the parties shall meet forthwith and set a date, place and time for Plaintiff's Rule 35 Examination and Testing with Robin Post. Ph.D without a recording device and without Plaintiff's counsel present during such examination and testing.

In this case, Plaintiff is not objecting to undergoing a Rule 35 Examination by Robin Post, Ph.D.  Instead, Plaintiff requests that a recording device be used during the Rule 35 Examination by Dr. Post.  Dr. Post states, *in pertinent part*, the following:

> 4. "In order to maintain the integrity of the examination and testing, neither the examination or testing should be recorded.  The recording of the examination may very well intimidate Plaintiff so that she does not say something she normally would if no recording was occurring.  Also, the use of a recording device could be disruptive to the examination if it is necessary to change tapes during the examination, or if problems develop with the recording device.   Further, it would be unfair if my examination and testing is recorded and that recording is provided to Plaintiff's expert for review, as I have received no such recordings of any examinations performed by Plaintiff's expert."

See paragraph no. 4 of Dr Post's Declaration [Affidavit] (exhibit A) attached to the subject motion (docket no. 43).

Here, I find that Plaintiff has failed to demonstrate "good cause" under Fed. R.

Civ. P. 26(c) and has also failed to demonstrate a valid need under <u>Galieti v. State Farm Mut. Auto Ins. Co.</u>, 154 F.R.D. 262, 265 (D.Colo. 1994) to have a tape recorder present during the examination and testing of Plaintiff by Dr. Post.  See also, <u>Holland v. U.S.</u>, 182 F.R.D. 493, 495-96 (D:S.C. 1998)(court refused to allow any third party or a recording of the examination because such a condition would make the examination artificial and would prevent a level playing field because the defendant had not had the opportunity to observe or record the examination performed by plaintiff's expert).

<u>Date:  February 24, 2012                                                                                      </u>