IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01667-WJM-MJW

ANIFEH GHIASY,

Plaintiff,

v.

DILLON COMPANIES, INC., d/b/a KING SOOPERS, a Kansas corporation,

Defendant.

---

**RECOMMENDATION ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Docket No. 95)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 3) issued by Judge William J. Martinez on June 29, 2011.

**PLAINTIFF'S ALLEGATIONS**

*Pro se* plaintiff Anifeh Ghiasy asserts the following in her Amended Complaint (Docket No. 15). Plaintiff is a Muslim Afghani war refugee who has lived in the United States since 2000. Plaintiff began working for defendant's Longmont store in October 2003. Sometime in 2008, Alida Chavez became the new manager of the Longmont store. Plaintiff alleges that Ms. Chavez's supervision marked the beginning of a pattern of harassment against plaintiff.

As a result of the harassment, plaintiff was forced to transfer to defendant's Boulder store. However, prior to the transfer, Ms. Chavez contacted the head clerk of the Boulder store, Doug Anton, to "warn" him about plaintiff. Harassment of plaintiff

continued unabated. Due to the continued harassment, plaintiff resigned on December 17, 2009.

In the Amended Complaint, Claim One alleges defendant violated Title VII of the Civil Rights Act of 1964. Plaintiff claims she was harassed based on her sex, race, color, religion, and national origin. Plaintiff further claims that she was sexually harassed in violation of Title VII.

Claim Two is a state claim for negligent supervision and retention by defendant. Plaintiff alleges defendant breached its duties to plaintiff by retaining and supervising the individuals who harassed her.

Claim Three alleges civil rights violations pursuant to 42 U.S.C. § 1981 due to the harassment based on plaintiff's race.

**PENDING MOTION**

Now before the court for a report and recommendation is Defendant's Motion for Summary Judgment (Docket No. 95).

Discovery has been completed in this case. (See Docket No. 102). The court has carefully considered the motion for summary judgment (Docket No. 95), plaintiff's response (Docket No. 105), defendant's reply (Docket No. 107), and plaintiff's surreply (Docket No. 108). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

Rule 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial." Robertson v. Bd. of Cnty. Comm'rs of the Cnty. of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Mares v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir. 1992)). "Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried . . . . These facts may be shown 'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings by themselves.'" Southway v. Central Bank of Nigeria, 149 F. Supp. 2d 1268, 1273 (D. Colo. 2001), aff'd, 328 F.3d 1267 (10th Cir. 2003). However, "[i]n order to survive summary judgment, the content of the evidence that the nonmoving party points to must be *admissible*. The nonmoving party does not have to produce evidence in a form that would be admissible at trial, but the content or substance of the evidence must be admissible. Hearsay testimony that would be inadmissible at trial cannot be used to defeat a motion for summary judgment because a third party's description of a witness supposed testimony is not suitable grist for the summary judgment mill." Adams v. Am. Guarantee & Liability Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000) (internal citations and quotations omitted).

"Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence presented

in the motion and response." Southway, 149 F. Supp. 2d at 1273. "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." Id. "Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)). "Evidence presented must be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment." Id. at 1274. "Summary judgment should not enter if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party." Id. at 1273.

Plaintiff is proceeding *pro se.* The court, therefore, reviews her pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers). However, a *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). See Whitney v. New Mexico, 113 F.3d 1170,

5

1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); <u>Drake v. City of Fort Collins</u>, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues). "The plaintiff's *pro se* status does not entitle him to application of different rules." <u>Wells v. Krebs</u>, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

**1. Timeliness of Plaintiff's Title VII Sexual Harassment Claim**

The undisputed evidence shows that all of the incidents of sexual harassment alleged by plaintiff took place in the Longmont store; it is undisputed that no sexual harassment took place after March 2, 2009, at which time plaintiff requested a transfer from the Longmont store.

Title VII requires that a charge of discrimination must be filed within 300 days of the adverse action. 42 U.S.C. § 2000e-5(e)(1). Accordingly, plaintiff had until December 27, 2009, at the latest, to file her charge of discrimination. However, plaintiff's charge of discrimination was not filed with the Colorado Civil Rights Division until January 20, 2010. <u>See</u> Exhibit A the Motion for Summary Judgment (Docket No. 95-1). Accordingly, plaintiff's Title VII claim for sexual harassment is barred.

**2. Plaintiff's Remaining Title VII and Section 1981 Harassment Claims**

Plaintiff claims she was harassed in violation of both Title VII and 42 U.S.C. § 1983 based on her race, color, religion, and national origin. Title VII prohibits discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Section 1981 prohibits discrimination in making or enforcing contracts

6

based on race, ancestry, or ethnic characteristics. St. Francis College v. Al-Kharzraji, 481 U.S. 604, 613 (1987). The same analysis applies to claims under both statutes. See Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672-73 (10th Cir. 1998) (harassment under Title VII); Witt v. Roadway Express, 136 F.3d 1424, 1432 (10th Cir. 1998) (harassment under § 1981); Perry v. Woodward, 199 F.3d 1126, 1135 (10th Cir. 1999) (applying McDonnell Douglas to § 1981 claim); Twigg v. Hawker Beechcraft Corp., 659 F.3d 987, 998 (10th Cir. 2011) (Title VII and § 1981 retaliation).

A claim of harassment or hostile work environment requires the plaintiff to show (1) that he or she was discriminated against because of a protected characteristic; and (2) that the discrimination was sufficiently severe or pervasive such that it altered the terms or conditions of her employment and created an abusive working environment. Morris v. City of Colo. Springs, 666 F.3d 654, 663 (10th Cir. 2012). "[R]un of the mill boorish, juvenile, or annoying behavior that is not uncommon in American workplaces" is insufficient to support a hostile workplace claim. Id. at 664.

Further, the plaintiff must show that the work environment is both objectively and subjectively hostile or abusive. Id. at 664. A court must analyze "the objective severity of the harassment from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." Harsco Corp. v. Renner, 475 F.3d 1179, 1187 (10th Cir. 2007). In considering all the circumstances, the court must "consider[] such factors as 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance and whether it unreasonably interferes with an employee's work performance.'" Chavez v. New Mexico, 397 F.3d 826, 832-33 (10th Cir. 2005) (quoting O'Shea v. Yellow Tech. Servs., Inc., 185 F.3d

1093, 1098 (10th Cir. 1999)).

As to plaintiff's claim of harassment based on her religion, the undisputed facts demonstrate two separate instances of harassment which could be reasonably construed to involve her religion. First, Ms. Chavez suggested that plaintiff "hook up" with a Muslim co-worker. Second, during Ramadan in October 2008, when plaintiff asked for a break so she could eat, head clerk Chris Vergez said plaintiff had been "closing her mouth all day." Taking into account the period of time plaintiff complains of, the court cannot find that these two comments objectively meet the sufficiently severe or pervasive standard. The comments are not physically threatening. The comments can certainly be thought of as offensive, but they do not rise to the level of unreasonably interfering with plaintiff's work performance. Accordingly, the court finds that no reasonable juror could find there is sufficient evidence to support plaintiff's claim of religious harassment.

As to plaintiff's claims based on race, color, and national origin, the undisputed evidence shows five distinct events which occurred over a fourteen month period. These events consist of: (1) Ms. Chavez saying "durga, durga" to plaintiff; (2) Ms. Chavez discussing the movie "Team America" with plaintiff; (3) Ms. Chavez and Mr. Vergez questioning whether "you people" celebrate New Years; (4) Ms. Chavez making fun of plaintiff's accent; and (5) Mr. Anton joking that plaintiff was at the Boulder store to "set up the bomb."

Taking into account the period of time plaintiff complains of, the court cannot find that these five incidents objectively meet the sufficiently severe or pervasive standard. Plaintiff was not physically threatened. These incidents are boorish, juvenile, and

8

annoying behavior, and do not rise to the level of unreasonably interfering with plaintiff's work performance. Accordingly, the court finds that no reasonable juror could find there is sufficient evidence to support plaintiff's claims of harassment based on her race, color, or national origin.

### 3. Plaintiff's Negligent Supervision and Retention Claim

Because the court has found that summary judgment is appropriate for plaintiff's underlying claims, summary judgment is also appropriate for plaintiff's negligent supervision/retention claim which is based on said underlying claims. See Showler v. Harper's Magazine Foundation, 222 Fed. Appx. 755, 766 (10th Cir. 2007).

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendant's Motion for Summary Judgment (Docket No. 95) be **GRANTED.**  It is further

**RECOMMENDED** that Plaintiff's Motion for Disagreement and Against the Defendant's Summary Judgement of Motion [sic] (Docket No. 105) be **DENIED**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file**

9

**and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  September 24, 2012           s/ Michael J. Watanabe
       Denver, Colorado             Michael J. Watanabe
                                    United States Magistrate Judge