**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-01667-WJM-MJW

ANIFEH GHIASY,

    Plaintiff,

v.

KROGER COMPANY, THE, actually named as: The Kroger Co., an Ohio Corporation

    Defendant.

---

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

Plaintiff's Amended Complaint brings claims for sexual harassment and a hostile work environment based on her race, religion, and national origin in violation of Title VII of the Civil Rights Act of 964, 42 U.S.C. § 2000e-5 ("Title VII") against Defendant Kroger Company, her former employer.  (ECF No. 15.)  After discovery closed, Defendant filed a Motion for Summary Judgment ("Motion") on all of Plaintiff's claims.  (ECF No. 95.)  The Court referred the Motion to Magistrate Judge Michael J. Watanabe for a recommended decision.

On September 24, 2012, Magistrate Judge Watanabe issued his Recommendation that Defendant's Motion for Summary Judgment be granted in its entirety.  (ECF No. 109.)  Plaintiff filed timely objections to the Recommendation (ECF No. 110) and Defendant has responded to those objections.  (ECF No. 111.)

Throughout most of this action, Plaintiff has been represented by counsel.  However, counsel withdrew (with Plaintiff's consent) before Defendant's Motion for

Summary Judgment was filed.  Thus, Plaintiff has been *pro se* during the briefing of the Motion.

For the reasons stated below, Plaintiff's objections to the Recommendation are OVERRULED, the Magistrate Judge's Recommendation is ADOPTED, and Defendant's Motion for Summary Judgment is GRANTED.

## I.  LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual

dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Quaker State Mini-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995); *Houston v. Nat'l General Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## II.  ANALYSIS

With respect to Plaintiff's sexual harassment claim, the Magistrate Judge found that this action was untimely. (Rec. at 5.) Nothing in Plaintiff's Objection addresses this finding. The Court has reviewed this finding and sees no clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Thus, the Court adopts the Magistrate Judge's Recommendation and grants Defendant's Motion for Summary Judgment with respect to Plaintiff's sexual harassment claim.

With respect to Plaintiff's hostile work environment based on race, religion, and national origin claims, the Magistrate Judge found that Plaintiff had failed to show a genuine dispute of material fact as to whether she was subjected to a severe or pervasive work environment. (Rec. at 7-8.) The Magistrate Judge noted that Plaintiff had only pointed out two instances of harassment that could be attributed to her religion and concluded that no reasonable juror could find that this is sufficient evidence of religious harassment. (*Id*. at 7.)

Plaintiff objects to this finding. (Obj. at 4-6.) Plaintiff contends that she submitted evidence that the Magistrate Judge did not consider and points to a number of statements that she submitted from her co-workers. Having reviewed these statements, the Court finds that they do not alter the analysis. These statements consist mainly of conclusory allegations and are short on specific facts relating to racial, religious, or national origin discrimination. To the extent there are specific factual allegations, these incidents were either considered by the Magistrate Judge or were outside of the statutory time frame for Plaintiff's claims. Additionally, these statements are unsworn written statements and, therefore, hearsay which the Court cannot consider in ruling on a motion for summary judgment. Fed. R. Civ. P. 56(c); Fed. R. Evid. 801(c).

Plaintiff has failed to point to any specific, admissible evidence that the Magistrate Judge did not consider in his Recommendation. The Court notes that Plaintiff's opposition to the Motion for Summary Judgment and her Objection are both unsworn, unverified documents. (ECF Nos. 105 & 110.) As such, the statements contained therein are not proper evidence for purposes of summary judgment. *See Lopez-Bignotte v. Ontivero*, 42 F. App'x 404, 408 (10th Cir. 2002) (unverified opposition to motion for summary judgment does not refute affidavits submitted by moving party); *Kansas City Cable Partners v. Espy*, 250 F. Supp. 2d 1296, 1299 (D. Kan. 2003) (same).

In sum, Plaintiff has not pointed to any evidence that would change the Magistrate Judge's finding that there is no genuine dispute of material fact as to whether Plaintiff was subjected to a severe or pervasive work environment based on

.

her race, religion, or national origin. The Court has reviewed *de novo* the arguments raised in the Motion and the relevant, timely, and admissible evidence submitted by the parties in support of their respective positions. Like the Magistrate Judge, the Court finds that Plaintiff has failed to meet her burden of showing a genuine dispute of material fact as to whether she was subjected to a hostile work environment based on her race, religion, or national origin. Accordingly, the Court adopts the Magistrate Judge's Recommendation and grants Defendant's Motion for Summary Judgment.

### III.  CONCLUSION

For the reasons set forth below, the Court ORDERS as follows:

1. The Magistrate Judge's Recommendation (ECF No. 109) is ADOPTED in its entirety;

2. Defendant's Motion for Summary Judgment (ECF No. 95) is GRANTED;

3. Plaintiff's "Motion for Disagreement and Against the Defendant's Summary Judgement [sic] of Motion" (ECF No. 105), which the Court construes as an opposition to the Motion for Summary Judgment, is ACCEPTED as filed; and

4. The Clerk shall enter judgment in favor of Defendant on all claims. Each party shall bear her or its own costs.

Dated this 27th day of December, 2012.

BY THE COURT:

William J. Martinez
United States District Judge